UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUDY A. EMMENDORFER, | Civil Action No.: 20-10123 |
| | Honorable David M. Lawson |
| Plaintiff | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

_____/

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 13, 16]**

Plaintiff Judy Emmendorfer appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). The Court **RECOMMENDS** that:

- Emmendorfer's motion [ECF No. 13] be **GRANTED**;
- the Commissioner's motion [ECF No. 16] be **DENIED**; and
- this matter be **REMANDED** for an award of benefits.

I.   **BACKGROUND**

A.   **Procedural and Factual Background**

In October 2012, Emmendorfer applied for DIB and alleged an onset date of May 2011, when she was 51 years old. [ECF No. 11-12, PageID.769, 770]. She claimed disability from rheumatoid and osteoarthritis, degenerative disc disease, back injury, depression, carpel tunnel syndrome, and asthma. [ECF No. 11-3, PageID.123].

After the initial denial of the claim, an administrative hearing was held in November 2013 before an administrative law judge (ALJ). [ECF No. 11-12, PageID.769]. In a January 2014 decision, the ALJ found Emmendorfer not disabled. [*Id.*]. The Appeals Council vacated that decision, remanding the case to the ALJ because he had not explained his reasons for not fully crediting the opinion of Larry G. Alton, D.O. [ECF No. 11-2, PageID.55].

In June 2015, the same ALJ conducted a second hearing, finding that Emmendorfer was limited to light work and was thus disabled as of December 29, 2014, the day before her 55th birthday, under Medical-Vocational Rule 202.6. [*Id.,* PageID.770]. The Appeal Council denied review and Emmendorfer sought judicial review for the period between May

1, 2011 and December 28, 2014.[1]  [*Id.*].  United States Magistrate Judge R. Steven Whalen remanded the case for further proceedings, finding that the ALJ had misstated the record, and that those misstatements undermined his analysis of Dr. Alton's opinions.  [ECF No. 11-12, PageID.782].[2]

A different ALJ held a hearing in July 2018.[3]  [ECF No. 11-11, PageID.734-763].  In her August 2018 decision, the second ALJ found that Emmendorfer was not disabled during the period in dispute.  [*Id.*, PageID.713-727].  The Appeals Council denied review, and Emmendorfer again filed for judicial review.  [*Id.*, PageID.706-708; ECF No. 1].

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

---

[1] In the remainder of this report and recommendation, the Court will call this period "the period in dispute."

[2] This opinion is also found at *Emmendorfer v. Comm'r of Soc. Sec.*, 16-12854, 2017 WL 4310103 (E.D. Mich. Sept. 28, 2017).

[3] Judge Whalen ordered that another ALJ hear Emmendorfer's case on remand because the original ALJ made derisive statements after the Appeal Council's remand order.  [ECF No. 11-12, PageID.778-779 & n. 3].

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[4] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

---

[4] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

Applying this framework, the ALJ concluded that Emmendorfer was not disabled during the period in dispute. At the first step, she found that Emmendorfer had not engaged in substantial gainful activity after her alleged onset date. [ECF No. 11-11, PageID.719]. At the second step, she found that Emmendorfer had the severe impairments of "rheumatoid arthritis, osteoarthritis, asthma, chronic obstructive pulmonary disease (COPD), degenerative disc disease with herniation and radiculopathy, and obesity." [*Id.*]. The ALJ found non-severe Emmendorfer's chronic kidney disease stage III, hypertension, diabetes mellitus, gastroesophogeal reflux disease (GERD) squamous cell carcinoma status-post excision, and hearing loss. [*Id.*]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, PageID.719-721].

Between the third and fourth steps, the ALJ found that Emmendofer's RFC during the period in dispute allowed to perform light work, as defined by 20 C.F.R. § 404.1567(b), except that she required:

> a sit-stand option at will with postural changes occurring less than 5% of the workday; frequently finger and handle bilaterally, occasional balance, climb ramps/stairs, stoop, kneel, crouch, and crawl; no climbing ladders/ropes/scaffolds, unprotected heights, or moving machinery, and no exposure to extreme cold/heat/humidity/wetness, environmental irritants, or poorly ventilated areas.

[*Id.*, PageID.721]. At step four, the ALJ found that Emmendorfer was unable to perform her past relevant work as a cashier during that period. [*Id.*, PageID.725]. At the final step, after considering Emmendorfer's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that there were jobs that existed in significant numbers that Emmendorfer could have performed, including positions as counter clerk, rental clerk, and tanning salon attendant. [*Id.*, PageID.726].

## II.     ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

6

Emmendorfer argues the ALJ again erred by discounting the weight given to Dr. Alton's opinion without good reason, and that the case should be remanded for the payment of benefits. [ECF No. 13, PageID.1122-1124]. The Court agrees and recommends that her motion for summary judgment be granted.

**B.**

The "treating physician rule" requires an ALJ to give controlling weight to a treating physician's opinions about the nature and severity of a claimant's condition when those opinions are well-supported by medically acceptable clinical and diagnostic evidence, and not inconsistent with other substantial evidence. *Gentry*, 741 F.3d at 723, 727-29; *Rogers*, 486 F.3d at 242-43. An ALJ who decides to give less than controlling weight to a treating physician's opinion must give "good reasons" for doing so; "these reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart v. Comm'r. of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). A failure to explain precisely how those reasons affected the weight given to the treater's opinion denotes a lack of substantial evidence, even where the conclusion of the ALJ may be

justified based on the record. *See Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 860-861 (6th Cir. 2011) (quoting *Rogers*, 486 F.3d at 243).

Even when a treating opinion is found not controlling, "the ALJ must consider certain factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability of the physician's conclusions; the specialization of the physician; and any other relevant factors," and give appropriate weight to the opinion. *Gentry*, 741 F.3d at 723. In all cases, a treating physician's opinion is entitled to great deference. *Id*.

In an October 2013 medical source statement, Dr. Alton found that Emmendorfer could lift or carry 20 pounds occasionally and 10 pounds frequently; stand or walk at least two but less than six hours of an eight-hour workday; frequently balance, but never climb, kneel, crouch, crawl, or stoop; and frequently feel but only occasionally reach, handle, and finger. [ECF No. 11-10, PageID.701-704]. Dr. Alton also opined in a July 2012 disabled parking permit application that Emmendorfer's rheumatoid arthritis severely limited her ability to walk. [ECF No. 11-7, PageID.449].

Although this case had been remanded twice for inaccurate and incomplete evaluations of Dr. Alton's opinions, the second ALJ offered this perfunctory analysis for giving those opinions partial weight:

8

> The claimant's physician, L. Alton, DO, opined in a parking placard application, in July 2012, the claimant had a permanent arthritis condition severely limiting her ability to walk. Dr. Alton had the opinion, in October 2013, the claimant could never do postural activities more than two hours in an 8-hour day, but could frequently balance. Dr. Alton opined the claimant could occasionally reach, handle, and finger, but frequently feel. Dr. Alton opined the claimant could have limited exposure to noise, humidity, and hazards. In June 2015, Dr. Alton had the added opinion the claimant could lift 20 pounds occasionally and 10 pounds frequently. These opinions are not entirely supported by treatment notes and records and not fully consistent with the evidence of record. As such, partial weight are (sic) given to the opinions of Dr. Alton.

[ECF No. 11-11, PageID.723]. The ALJ's single-sentence analysis fails to provide good reason for giving Dr. Alton's opinion less than controlling weight. *See Vitale v. Comm'r of Soc. Sec.*, 2017 WL 4296608, at *3-4 (E.D. Mich. Sept. 28, 2017) (finding deficient ALJ's single-sentence analysis for discounting the weight given to a treating physician). The ALJ's analysis did not specify what portions of Dr. Alton's opinions are unsupported by the record; it did not identify the treatment notes or records that are supposedly inconsistent with Dr. Alton's opinions; nor did it explain how those records undercut Dr. Alton's opinions. The ALJ gave superficial and vague rationale instead of the sufficiently specific reasons required for discounting Dr. Alton's opinions*. See Gayheart*, 710 F.3d at 376.

The Court recognizes that "it is important to read an ALJ's assessment of a physician's opinion together with the ALJ's decision as a

9

whole." *Cortes v. Comm'r of Soc. Sec.*, No. 18-13347, 2020 WL 2812761, at *6 (E.D. Mich. May 29, 2020). Here, in other parts of the ALJ's decision, the ALJ more fully addressed Emmendorfer's manipulative limitations, citing six treatment records from Dr. Alton and other physicians to support a less restrictive limitation for fingering/handling.[5] [ECF No. 11-11, PageID.724]. But the ALJ does not supply any such explication for the other components of Dr. Alton's opinions.

In fact, the ALJ cited medical evidence earlier in the decision that seems to support Dr. Alton's opinions. [ECF No. 11-11, PageID.722]. For example, the ALJ cited evidence that a rheumatologist found metatarsalgia in Emmendorfer's feet; a bone scan showing increased signs in her hands and feet; an MRI of her spine showing degeneration, osteophyte, disc herniation, and neuroforamen narrowing; an EMG revealing denervation with radiculopathy and mononeuropathy in her legs; and a neurosurgeon's finding that Emmendorfer had difficulty changing positions and edema in her legs. [ECF No. 11-11, PageID.722]. This evidence appears consistent with the limitations described in Dr. Alton's opinions.

---

[5] The Court does not decide whether this cited evidence provides good reason for discounting Dr. Alton's opinion on Emmendorfer's manipulative limitations.

10

The Commissioner emphasizes the more benign findings cited in the ALJ's summary of medical evidence, including S. Mosier-LaClair, M.D.'s findings that Emmendorfer had normal feet and ankle alignment; non-tender ankle joints with negative stability, drawer, and stress tests; and C. Diola M.D.'s observations that she had full motion and no tenderness or swelling in her feet and ankles.[6] [ECF No. 16, PageID.1141 (citing ECF No. 11-11, PageID.722, ECF No. 11-7, PageID.327, 360, 361, 430, ECF No. 11-8, PageID.487)]. But the mere recitation of both favorable and less favorable medical records, with no analysis or explanation, cannot provide good reason for discrediting a treating physician's opinion. *See Cortes,* 2020 WL 2812761 at *6 (holding that deficiency of the treating physician analysis was not cured when "the ALJ's discussion of the medical evidence contains points that favor the positions of both [the claimant] and the Commissioner").

---

[6] The other evidence the Commissioner marshals to validate the ALJ's opinion analysis is merely its appellate counsel's *post hoc* rationalization for agency action rather than accurate reasons and findings from the ALJ. [ECF No. 16, PageID.1148]. That *post hoc* rationalization is not properly considered by the Court. *See Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014) (internal quotation marks, brackets, and citation omitted).

The ALJ's most untenable error is that she did not assess Dr. Alton's opinions about Emmendorfer's ability to walk. [ECF No. 11-11, PageID.723-724]. She noted Dr. Alton's July 2012 statement on the parking placard application that Emmendorfer had a severely limited ability to walk, but then did not address what weight she gave that opinion or why she still found Emmendorfer capable of light work. [*Id.*, citing ECF No. 11-7, PageID.449].

The ALJ *did not even mention* the part of Dr. Alton's October 2013 opinion that limited Emmendorfer to standing or walking for about two hours, but not as many as six hours, in a workday. [ECF No. 11-11, PageID.723; ECF No. 11-10, PageID.701]. The ALJ omitted reference to that part of Dr. Alton's October 2013 opinion even though Judge Whalen highlighted it in his remand order, and emphasized that it was "particularly critical, given that the inability to walk approximately six hours a day would limit her to sedentary work." [ECF No. 11-12, PageID.782]. Judge Whalen explained that a finding that Emmendorfer was limited to sedentary work during the period in dispute would mean that she was disabled then. [*Id.*, n.4]. But when describing Judge Whalen's remand order, the ALJ did not mention Judge Whalen's statements about the critical nature of Emmendofer's walking limitation. [ECF No. 11-11, PageID.717, 723].

Given the dispositive nature of Dr. Alton's opinion about Emmendorfer's ability to stand or walk, the ALJ's failure to mention it or explain her rejection of that limitation was significant error. *See Brents v. Comm'r of Soc. Sec.,* 17-10921, 2018 WL 4784660, at *4 (E.D. Mich. April 2, 2018), *adopted*, 2018 WL 3454843 (E.D. Mich. July 18, 2018) (finding reversible error because ALJ failed to address treating physician's opinion that the claimant required a leg elevation limitation). And the ALJ's failure to address the "critical" walking restriction in Dr. Alton's opinion, as instructed by Judge Whalen, is an independent reason to find reversible error. *Sullivan v. Hudson,* 490 U.S. 877, 886 (1989) ("Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.").

## C.

Ordinarily, when an ALJ has committed reversible error, remand for further consideration is favored over an award of benefits unless there is no conflicting evidence about the severity of the claimant's impairments. *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 934 (6th Cir. 2018); *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). But in *Donahue v. Massanari*, the court remanded the case for an award of benefits because "the Commissioner [ ] had two opportunities to deny

13

Plaintiff benefits in a legal fashion-and [ ] still failed to do so." 166 F. Supp. 2d 1143, 1148 (E.D. Mich. 2001). The court also relied on the plaintiff's "age and the significant delays involved." *Id.*

The *Donahue* court noted that the congressional policy behind a limitation on § 405(g) sentence six remands "was 'to speed up the judicial process so that these cases would not just go on and on and on.'" *Id*. (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 101 (1991) and Congressman Pickle, 125 Cong. Rec. 23383 (1979)). Even though the remand before the court in *Donahue* was under sentence four § 405, the policy of speedy judicial processes informed the court's decision. *Id.* And *Donahue* described other opinions in which "courts have shown strong displeasure with repeated, albeit erroneous, denials of benefits by the Commissioner, particularly in light of the many levels of administrative review-initial consideration, reconsideration, hearing and Appeals Council-in which to remedy the errors." *Id*. at 1115-1116 (citing *Sisco v. United States Department of Health and Human Services*, 10 F.3d 739, 746 (10th Cir.1993); *Podedworny v. Harris*, 745 F.2d 210, 222 (3rd Cir.1984); and *Wilder v. Apfel*, 153 F.3d 799 (7th Cir.1998)).

The plaintiff in *Donahue* was approaching 59 years old, his application had been pending for seven years, the court had remanded the

14

case for further consideration three years earlier, and the record has changed little since that initial remand. *Id.* at 1145, 1150. Because of those factors, the court remanded the case for an award of benefits. *Id.* at 1150.

The record here more strongly supports a remand for an award of benefits. Emmendorfer is 61 years old and applied for benefits over nine years ago, in October 2012. [ECF No. 11-12, PageID.769-770]. She is older than the plaintiff in *Donahue* and her application has been pending longer. And while the *Donahue* plaintiff had two hearings before an ALJ and one earlier remand order, Emmendorfer case has already had three administrative hearings and two earlier remand orders (one from the Appeals Council and the other from Judge Whalen). [ECF No. 11-11, PageID.716]. In addition, consistent with *Donahue*, Emmendorfer's medical record has changed little, if any, since Judge Whalen's remand order; the ALJ decision after that remand order cites no medical evidence dated after Judge Whalen's decision. [ECF No. 11-11, PageID.716-725].

Finally, both earlier remand orders rested in part on the ALJs' failure to provide good reasons for discounting the weight given to the same opinion from Dr. Alton. [ECF No. 11-2, PageID.55; ECF No. 11-12, PageID.782]. Although the Court assumes that the ALJ acted in good faith,

15

her failure to note or follow Judge Whalen's instruction to consider Dr. Alton's "particularly critical" walking limitation is gross error. [ECF No. 11-12, PageID.782].

The Commissioner argues that "the length of the proceedings cannot form the sole basis for an award of benefits." [ECF No. 16, PageID.1157]. It cites in support *Miller v. Comm'r of Soc. Sec.*, in which the court declined to remand for an award of benefits "despite the prolonged nature of these proceedings." 811 F.3d 825, 840 (6th Cir. 2016). But Emmendorfer cites her age and the Commissioner's multiple earlier opportunities to correct error in weighing Dr. Alton's opinion, on top of the length of the proceedings. And unlike in this case, there had been only one earlier remand order in *Miller*, and that remand order was from the Appeals Council. *Id*. at 829-33. Thus, in *Miller*, the Commissioner had not failed to follow a judicial order. And while the *Miller* court declined to remand for an award of benefits, it said nothing suggesting that such a remand would be improper under distinguishable facts like those here. *Id*. at 840.

The Court agrees with Emmendorfer that enough is enough. [ECF No. 13, PageID.1125]. This matter should be remanded for an award of benefits.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Emmendorfer's motion [ECF No. 13] be **GRANTED**; that the Commissioner's motion [ECF No. 16] be **DENIED**; and that this matter be **REMANDED** for an award of benefits under sentence four of 42 U.S.C. § 405(g).

Dated: February 16, 2021

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 16, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
